USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/16/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK-MICHAEL CASSANO and
CAMILLE-CARMELA CASSANO,

          Plaintiffs,

-against-

ALEKSANDR ALTSHULER,
DAVID W. NELMS, and DOES 1-10,

          Defendants.

No. 15-cv-1186 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiffs Frank-Michael Cassano and Camille-Carmela Cassano (collectively, "Plaintiffs") bring this action *pro se* against Defendants David W. Nelms and Aleksandr Altshuler (collectively, "Defendants") alleging violations of the Fair Debt Collection Practices Act, deceptive practices in violation of New York General Business Law § 349, common law fraud, and intentional infliction of emotional distress. Presently before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 28.) For the reasons set forth below, Defendants' motion is GRANTED.

## BACKGROUND

    On February 9, 2015, Plaintiffs commenced the instant action by filing a Complaint. (ECF No. 1.) On March 20, 2015, the Court issued an Order of Service directing the Clerk of Court to issue a summons as to Defendants Discover Bank and Jaffe & Asher. (ECF No. 3.) The Order of Service further directed Plaintiffs to serve the summons and complaint on those defendants within 120 days of the issuance of the summons. (*Id.*) On April 13, 2015, Plaintiffs

filed an Affirmation of Service with the Court stating that on April 7, 2015 Plaintiffs served Discover Bank and Jaffe & Asher via U.S. postal certified mail on the companies' respective headquarters.  (ECF No. 4.)  On May 28, 2015, the Court held a pre-motion conference during which time counsel for Discover Bank and Jaffe & Asher indicated that it intended to file a motion to dismiss on the basis of improper service and lack of jurisdiction.  The Court directed Discover Bank and Jaffe & Asher to serve motion papers by June 11; Plaintiffs to serve opposition papers by July 9; and reply papers to be served on July 24, 2015.

On June 8, 2015, Plaintiffs filed the Amended Complaint, which replaced previous defendants Discover Bank and Jaffe & Asher with Nelms and Altshuler.[1]  (ECF No. 8.)  On June 22, 2015, Plaintiffs filed an Affirmation of Service, which states that Nelms and Altshuler were served via U.S. postal certified mail on June 18, 2015.  (ECF No. 10.)

On June 22, 2015, in contravention of the briefing schedule outline by the Court at the May 28 conference, Plaintiffs filed various papers seeking "dismiss[al]" of the motion to dismiss and requesting that the Court "compel[]" Defendants to answer the Amended Complaint.  (ECF Nos. 11–14.)

## DISCUSSION

Defendants assert that the Court should dismiss the Amended Complaint on the basis of lack of personal jurisdiction (Rule 12(b)(2)); insufficient service of process (Rule 12(b)(5)); and failure to state a claim (Rule 12(b)(6)).  "The Court considers the jurisdictional issues first, because a dismissal for lack of jurisdiction renders all other claims moot."  *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 386 (S.D.N.Y.) (citing *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Calero v. Immigration and Naturalization*

---

[1] The Amended Complaint also deleted a paragraph from the Complaint (regarding Jaffe & Asher) and added a new paragraph (regarding Nelms).

*Service*, 957 F.2d 50 (2d Cir. 1992); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir. 2000)).

"Rule 12(b)(5) provides for dismissal of a complaint for insufficient service of process." *Hahn v. Office & Prof'l Employees Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015). In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must looks to matters outside the complaint to determine whether it has jurisdiction. *Darden*, 191 F. Supp. at 387. "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005) (citing *Mende v. Milestone Tech., Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003))).

Rule 4(e) of the Federal Rules of Civil Procedure states that service upon an individual within a judicial district of the United States may be completed by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The applicable state law permits the following methods of service:

> (1) by delivering the summons within the state to the person to be served; or
>
> (2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served **and** by either mailing the summons to the person to be served at his or her last known residence or by mailing the

      summons by first class mail to the person to be served at his or her actual place of business ..., such delivery and mailing to be effected within twenty days of each other ...; or

      (3) by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 ...; [or]

      (4) where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business ..., such affixing and mailing to be effected within twenty days of each other ...; [or]

      (5) in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

N.Y. C.P.L.R. § 308 (emphasis added). Alternatively, New York law permits service by mail

      As an alternative to the methods of personal service authorized by section ... 308 ..., a summons and complaint ... may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint ..., together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.

N.Y. C.P.L.R. 312–a(a). Under the alternative method, "[s]ervice is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender." *Id*. at 312-a(b).

      In the present case, Plaintiffs attempted to serve Nelms and Altshuler via certified mail. (*See* ECF No. 10.) That method, however, is not permitted under the federal rules or applicable state rules, nor has this Court issued an order allowing Plaintiffs to serve Defendants via an alternate method. *See Conway*, 2010 WL 4722279, at \*3 ("Service on a natural person solely by certified mail, return receipt requested is insufficient."). Additionally, Plaintiffs are not excused from complying with the applicable rules of service merely by virtue of their *pro se* status.

      Furthermore, Plaintiffs are not entitled to an extension to effect proper service. Under

4

Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[2] An exception to this rule exists if a plaintiff is able to demonstrate good cause for failure to timely serve (*id.*), and "a court has the discretion to grant an extension of time to serve the defendant" even absent a showing of good cause. *Hahn*, 107 F. Supp. 3d at 382 (citing *Zapata v. The City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)). In the present case, Plaintiffs have not requested an extension. Additionally, an extension is not warranted because (1) Plaintiffs have not shown good cause for the failure to properly effectuate service and (2) the relevant factors weigh against granting a discretionary extension.

### A. Plaintiffs Have Not Demonstrated Good Cause

Plaintiffs have not shown "good cause" for their failure to properly serve Defendants. Fed. R. Civ. P. 4(m). The first and primary factor that courts consider in assessing good cause is the reason plaintiffs proffer for their failure. *See Gordon v. Hunt*, 116 F.R.D. 313, 320-21 (S.D.N.Y. 1987). "[A] plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Spinale v. United States*, No. 03-cv-1704, 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *aff'd*, 352 F. App'x 599 (2d Cir. 2009). Inadvertence, mistake or neglect does not constitute good cause for an extension. *Id*.

Plaintiffs offer no explanation for their failure to effect proper service. Instead, Plaintiffs ignore the issue of improper service and merely cite to Rule 4 of the Federal Rules of Civil Procedure in passing in their opposition brief. (ECF No. 31.) It appears that Plaintiffs either (i)

---

[2] Rule 4(m) of the Federal Rules of Civil Procedure was amended effective December 1, 2015. At the time the Amended Complaint was filed in June 2015, the time period for service under Rule 4(m) was 120 days; therefore, Plaintiffs had 120 days to serve Defendants with the Amended Complaint.

are not aware of or (ii) do not understand the appropriate methods for service under the federal rules and New York CPLR, but ignorance or confusion, even in the case of a *pro se* plaintiff, do not constitute good cause.  *Ladner v. Proportional Count Assocs., Inc.*, No. 96-cv-2190 (ILG), 2001 WL 1328443, at *2 (E.D.N.Y. Sept. 17, 2001) ("Courts have held that the fact that plaintiff is proceeding *pro se* does not excuse him from properly serving the defendants.") (citing *Morrison v. New York State Division for Youth Children*, No. 98-cv-643, 2000 WL 532762, at *3 (N.D.N.Y. Apr. 25, 2000) (citing *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990))).  *See also Hurd v. New York City Health and Hosp. Corp.*, No. 07-cv-3073 (JSR), 2008 WL 2127659, at *2 (S.D.N.Y. May 20, 2008); *Conway v. Am. Red Cross*, No. 10-cv-1859 (SJF) (ARL), 2010 WL 4722279, at *3 (E.D.N.Y. Nov. 15, 2010) (collecting cases); *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000) (citing *Gaines v. Gaston*, 182 F.R.D. 430 (S.D.N.Y. 1998)).

The Court might have reached a different conclusion were Plaintiffs not provided ample indicators that it was incumbent upon them to properly serve Defendants.  The Court's March 20, 2015 Order of Service provided notice to Plaintiffs that their failure to properly and timely serve may result in dismissal of the action.  (*See* ECF No. 3.)  Additionally, the April 28, 2015 premotion letter submitted by counsel for Discover Bank and Jaffe & Asher should have signaled to Plaintiffs that their method of service could be deficient and their lawsuit could be dismissed on that basis.  Instead, Plaintiffs chose to ignore those warnings, filed an Amended Complaint against different Defendants, and chose the same improper method of service.

Courts assessing good cause also consider (i) whether the plaintiff has moved under Rule 6(b) for an enlargement of time and (ii) the prejudice to the defendants that would result from an extension.  *See Gordon*, 116 F.R.D. at 320–21.  Plaintiffs have not moved under Rule 6(b) for an

enlargement of time, nor have they expressly requested an extension in their opposition papers. This weighs against Plaintiffs. As to prejudice, although Defendants have not brief the issue, the Court acknowledges the possibility of prejudice insofar as "extending the service period beyond the statute of limitations period[3] for the action imposes a corresponding prejudice on defendants . . . ." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013). This, too, weighs against Plaintiffs.

Accordingly, all three factors weigh against a finding of good cause. The fact that Defendants have actual notice of the action does not alter this conclusion. "Neither actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has diligently attempted to complete service." *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 34 (W.D.N.Y. 1996); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("Nor can actual notice of suit cure a failure to comply with the statutory requirements for serving process."); *McGann v. New York*, 77 F.3d 672, 674–75 (2d Cir. 1996) (affirming dismissal of a *pro se* complaint for failure to comply with Fed. R. Civ. P. 4(c)(2)(C) even though the defendant had actually received the summons and complaint); *Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978); *Hood v. Ascent Med. Corp.*, No. 13-cv-628, 2014 WL 5089559, at *2 ("A showing that a defendant had actual notice of the lawsuit is insufficient to defeat a motion to dismiss."); *Delicata v. Bowen*, 116 F.R.D. 564, 566 (S.D.N.Y. 1987) (holding prejudice to the defendant is relevant only where plaintiff has been diligent in attempting to make service). Plaintiffs have not shown good cause for their failure to properly serve Defendants within the service period.

---

[3] The Amended Complaint does not contain any dates relating to the alleged actions taken by Defendants; therefore, the Court is not currently in a position to assess the timeliness of Plaintiffs' claims. The Court offers no opinion on whether the applicable statutes of limitations have run for the purposes of any future litigation.

### B. A Discretionary Extension Is Not Warranted

To obtain a discretionary extension absent a showing of good cause, "the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198. "[C]ourts balance justifiable excuses offered by the plaintiff, the length of the delay, and any prejudice to either party." *Spinale*, 2005 WL 659150, at *4.

The Court declines to grant a discretionary extension. As stated previously, Plaintiffs have been on notice for a substantial period of time that their method of service could be defective and that their claims could be dismissed on that basis. Even though dismissal may prejudice some of Plaintiffs' claims based on applicable statutes of limitations, which is unclear, this factor is not dispositive, *see Sunniland Fruit Co., Inc. v. PMI Produce Corp., Inc.*, No. 00-cv-8410 (SAS), 2001 WL 761174, at *3 (S.D.N.Y. July 6, 2001) (dismissing a complaint for insufficient service of process where it was possible that the statute of limitations had run, though the issue had not been fully briefed); *In re Teligent Servs., Inc.*, 324 B.R. 467, 474 (Bankr. S.D.N.Y 2005), *aff'd*, 372 B.R. 594 (S.D.N.Y. 2007) ("[E]xpiration of the statute of limitations does not require a court to use its discretion to grant an extension of time for service in every time-barred case."); *Delicata,* 116 F.R.D. at 566 (dismissing a complaint where the statute of limitations had run), and cuts both ways, *see Vaher,* 916 F. Supp. 2d at 421. The Court finds that even in light of the possible prejudice to Plaintiffs, the length of their delay and their lack of a justifiable excuse for failing to properly serve Defendants warrant dismissal of the Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is GRANTED, and all claims against all Defendants are hereby dismissed in their entirety. The

Court respectfully directly the Clerk to terminate the motions at ECF Nos. 24 and 28 and close the case.

Dated: May 16, 2016  
        White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge